GEORGE McLOUGHLIN, Appellant, v. THE NEW YORK EDISON COMPANY, Respondent.

Judgment affirmed, with costs.   No opinion.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.; Dowling, P. J., and Finch, J., dissent.

FINCH, J. (dissenting).   I regret that I am unable to see how it can be held as a matter of law that there is no evidence in this record from which a jury might

find that the act of the defendant's employees in arresting the plaintiff was not within the scope of their employment. This is an action for false arrest and imprisonment, which was tried before a justice and jury. At the end of the entire case the defendant moved to dismiss the complaint upon the ground that plaintiff had failed to prove facts sufficient to constitute a cause of action. The court reserved decision upon this motion, and submitted the case to the jury. The latter rendered a verdict in favor of the plaintiff for $3,000. The defendant thereupon moved " to set aside the verdict and for a new trial on all the grounds stated in section 549 of the Civil Practice Act, and on the ground the verdict is excessive and against the weight of the evidence." This motion the court granted and also granted the motion to dismiss the complaint. From the judgment of dismissal the plaintiff appeals. The facts as found by the jury, briefly, are as follows: The plaintiff, an employee of the defendant New York Edison Company, was sent to remedy a complaint from a customer of the defendant in connection with an electrical appliance. Subsequently he was falsely accused by the customer of having stolen a ring from her apartment. The ring later was found by the customer, it merely having been mislaid. Meantime two employees of the special service bureau of the Edison Company had compelled the plaintiff to go with them to a police station, having informed the plaintiff he was under arrest. When plaintiff first reached the station house at about ten o'clock in the forenoon, he was told again by defendant's employee that he was under arrest, and directed to wait there while the customer who had made the complaint was sent for. The customer arrived at about five o'clock in the afternoon and there and then made a complaint against the plaintiff. Plaintiff was removed in a patrol wagon to another station where he was held in jail all night, and the next morning was taken before a Magistrate's Court, when he was admitted to bail. He was also finger-printed, and one of the newspapers in the locality where he was known carried a story of his arrest for theft of the ring. When the case again came up in the Magistrate's Court, the complaint against the plaintiff was dismissed. The plaintiff's contention is that he was told that he was under arrest by the employees of the defendant acting within the scope of their authority, and was by them taken to the police station and detained there against his will. The defendant contends that plaintiff went willingly to the police station in order to meet the complainant and disprove the false charge. As between these conflicting contentions upon the facts pertaining to the arrest, clearly an issue was presented for the jury. Likewise an issue of fact was presented for the jury as to whether the defendant's employees were acting within the scope of their employment. Upon this latter question a *prima facie* case of authority in defendant's agents was established by the plaintiff when he showed the following facts, which were practically undisputed, namely, that Miss Dolores Everett was intrusted by the defendant with supervision of its appliance department, in which the plaintiff was employed, and was in charge of handling the complaints of customers; that the defendant also maintained a bureau of special service for investigating everything in the nature of a complaint, and that it was the custom of this department where complaints came in from a customer against an employee, to take the employee to face the customer and thrash the matter out; that Miss Everett summoned two members of the bureau of special service and stated to them, " Here is your man," whereupon the plaintiff was put under arrest, taken to the police

station and detained for confrontation with the defendant's complaining customer. It thus appears that the defendant's employees were acting to accomplish the purposes of their employment by the defendant, namely, the investigation of claims made by the defendant's customers, and incidentally the confrontation of an accused employee with the accusing customer. This being so, it is immaterial whether the details of the methods used by the defendant's employees in furtherance of the defendant's business were expressly authorized by the defendant. At least a question of fact for the jury was presented. It could not be said, as matter of law, that the defendant's employees were acting without the scope of their employment. These questions of fact were presented to the jury by the trial justice and there appears no reason why their finding in favor of the plaintiff should have been set aside. The only question of moment in the case was whether the award of the jury in the sum of $3,000 could be said to be excessive. If, as the jury found, the defendant was placed under arrest as a thief and taken to the Police Court and publicly pilloried in the press as a thief, it cannot be said that the finding of the jury in their award of damages was against the weight of the evidence. A decent regard for the personality of another human being cast upon the defendant the duty to make such reasonable rules for the conduct of its business as would prevent false charges of crime and unnecessary humiliation. It follows that the judgment appealed from should be reversed and the verdict of the jury reinstated. Dowling, P. J., concurs.